# IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELECTRONIC TRANSACTION SYSTEMS CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK OF OMAHA; AND TSYS MERCHANT SOLUTIONS, LLC (formerly known as First National Merchant Solutions, LLC)<br><br>      Defendants. | Civil Case No. 8:11CV238<br><br><br>STIPULATED PROTECTIVE ORDER |

The parties agree that certain information subject to discovery in this action may contain trade secrets or other confidential, proprietary and/or commercially-sensitive information.  In the interest of protecting that information and permitting discovery to proceed without the delay occasioned by disputes regarding such information, the parties agree to the protective provisions set forth below.  In view of these stipulations, and good cause appearing, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED:

**Scope and Definitions**

1.      This Protective Order applies to all information, documents, testimony and/or things subject to discovery in this action which contain non-public, confidential information and/or trade secrets designated as Protected Material pursuant to the terms of this Order; as well as any secondary or derivative material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Materials").

2.      Protected Material may be designated by any Producing Party as:

(a)      "CONFIDENTIAL" if it contains (i) non-public, commercially-sensitive information; (ii) technical, financial and/or other business information (e.g. pricing, customer lists, business and/or marketing plans or analysis, license agreements and the like) the public disclosure of which would cause competitive harm to the Producing Party; (iii) is subject to an express obligation of confidentiality owed by the Producing Party to a third-party; (iv) contains personally identifiable information about an individual as described in Fed. R. Civ. P. 5.2 or NECivR 5.03(b)(1)-(5); or (v) constitutes a trade secret under the laws of the State of Nebraska.

(b)      "ATTORNEYS EYES ONLY" if it contains technical, financial, and/or other business information (e.g., pricing, customer lists, business and/or marketing plans or analysis, license agreements, and similar such documents) the disclosure to officers or employees of the Receiving Party would cause competitive harm to the Producing Party.

3.      As used herein, "Producing Party" shall refer to any party to this action, or to any third-party (whether voluntarily or pursuant to subpoena), who discloses, testifies, produces or makes available for inspection any Protected Material.

4.      "Receiving Party" shall refer to any person who receives Protected Material from a Producing Party.

**Permitted Disclosure and Use of Protected Material**

5.      Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.  Protected Material shall be used solely for this litigation and any related appeals, and shall not be used for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function of any kind.

**Persons Who May Access Protected Material**

6.      ***"Confidential" Material.***  Only the following individuals shall have access to materials designated "CONFIDENTIAL," absent the express written consent of the Producing Party or further court order:

(a) Employees of the Receiving Party, regardless of position, who have complied with Paragraph 8 and who have a reasonable "need to know" or review the Protected Materials for the purposes of this litigation.

(b)      Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in the litigation;

(c)      In-house or employed counsel for the parties to this action, including any paralegals, law clerks or clerical employees employed in the legal department of the party;

(d)      Outside experts and consultants of the Receiving Party, who have complied with the procedures of Paragraph 9, and their support staff and clerical employees assisting in the litigation;

(e)      The Court, court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action;

(f)      Professional litigation support vendors, including copy, graphics, translation, database, trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A, and mock jurors hired by trial consultants or counsel but only in accordance with Paragraph 9 below; and

(g)      While testifying at deposition, hearings, or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) any person who authored,

previously received or was directly involved in the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Protected Material pursuant to this sub-paragraph (f) shall not retain or be given copies of the Protected Material except while so testifying; provided, however, nothing contained in this section shall preclude a current employee of a party who authored or previously received the Protected Material from maintaining a copy of the Protected Material in the ordinary course of the party's business.

7.      *"Attorneys Eyes Only" Material.*  Only the following individuals shall have access to materials designated "ATTORNEYS EYES ONLY" absent the express written consent of the Producing Party or further court order:

(a)      All counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees assisting in the litigation;

(b)      Outside experts and consultants of the Receiving Party, who have complied with the procedures of paragraph 9, and their support staff and clerical employees assisting in the litigation;

(c)      The Court, court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action;

(d)      Professional litigation support vendors, including copy, graphics, translation, database, trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A; and

(e)      While testifying at deposition, hearings, or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any personal designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) any person who authored, previously received or was directly involved in the specific matter(s) addressed in the Protected

-4-

Material, as evidence from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Protected Material pursuant to this sub-paragraph (e) shall not retain or be given copies of the Protected Material except while so testifying; provided, however, nothing contained in this section shall preclude a current employee of a party who authored or previously received the Protected Material from maintaining a copy of the Protected Material in the ordinary course of the party's business.

**Approval to Access Protected Material**

8.      ***Obligation to Read and Be Bound By Protective Order.***  Any in-house counsel, corporate representatives or employees of a party as identified pursuant to either Paragraph 6 of this Order, outside experts or consultants retained by the Receiving Party, or Professional Vendors authorized to access "CONFIDENTIAL" Protected Materials pursuant to Paragraphs 6 of this Order shall read this Protective Order and sign the "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order, which shall be retained by the signing party's outside counsel of record in this action.

9.      ***Additional Obligations for Outside Experts or Consultants Accessing Highly Confidential Protected Materials.***

(a)      Prior to disclosing "Confidential" or "ATTORNEYS EYES ONLY" Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide such outside expert or consultant with a copy of this and such outside expert or consultant must agree to and execute the "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order.  Outside counsel of record for the party retaining the outside expert or consultant must retain the Agreement to be Bound by Protective Order executed by the outside expert or consultant.

10.      ***Mock Jurors.***  Mock jurors hired by trial consultants or counsel in connection with this litigation may only be told about or shown "CONFIDENTIAL" Protected Materials

-5-

provided: (1) they are not affiliated with any party to this case or their direct competitor; (2) they agree in writing to be bound by confidentiality; and (3) they are not themselves given custody of any Protected Materials, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

**Making and Challenging Designations**

11.     Each party or third-party that designates material for protection under this Order must take care to limit such designations only to material that the party believes in good faith meets the appropriate standards. With respect to documents designated as "ATTORNEYS EYES ONLY," to the extent only a portion of the document contains information or material within the standards set forth in Section 2(b) of this Protective Order, the Producing Party shall produce a redacted copy of the document, with the material designated as ATTORNEYS EYES ONLY redacted, and shall produce the full document subject to the ATTORNEYS EYES ONLY designation. The redacted document shall be treated as CONFIDENTIAL subject to the provisions of this Protective Order.

12.     Designations of Protected Material shall be made in substantially the following manner:

(a)     *For documents or written discovery.* The Producing Party may designate documents or written discovery responses by affixing the following legend "CONFIDENTIAL," or "ATTORNEYS EYES ONLY" on each page that contains Protected Material. Documents made available for inspection need not be designated in advance and shall be treated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend.

(b)     *For depositions or other testimony.* Parties or third-parties providing testimony may designate depositions, or portions of depositions, as Protected Material by indicating the

appropriate designation on the record before the close of the deposition, hearing or other proceeding, or by notifying the court reporter and all counsel in writing of the appropriate designation within ten (10) business days after receiving the transcript, during which ten (10) day period the deposition transcript shall be treated as CONFIDENTIAL.  The party making the designation shall make arrangements with the court reporter to label the relevant pages with the appropriate designation.  Video or DVD versions of the depositions will automatically have the same designation as the transcript.

   (c) *For tangible things and other information.*  A Producing Party shall affix the appropriate legend prominently on any tangible thing or media, or on the exterior of any case or container in which the information or item is stored.  Alternatively, a Producing Party may designate Protected Material as CONFIDENTIAL or ATTORNEYS EYES ONLY by identifying the Protected Materials by Bates number.  If the Receiving Party prints an item from an electronic medium, the Receiving Party must immediately mark any unmarked pages of the printed version with the designation of the media.  A Producing Party may designate any other Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

   13. Inadvertent failure to designate documents, testimony or things as Protected Materials does not waive the Producing Party's right to secure the protections of this Order.  The Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate promptly upon its discovery and take whatever steps are necessary to replace the documents with appropriate legends or otherwise designate the materials as set forth above.  The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclosures made before receipt of such notice.  Upon receiving the written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated in accordance with the corrected designation, including seeking the retrieval or destruction of any copies distributed to

unauthorized individuals; and destroy copies of documents that have been replaced with the proper designation.

14.     At any time in these proceedings following the production or designation of material as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY" a Receiving Party may challenge the propriety of such designation by providing the Producing Party written notice particularly identifying the documents or information that the Receiving Party contends should be differently designated.  The parties shall meet and confer in an attempt to resolve promptly and informally any such disputes.  If agreement cannot be reached, the Receiving Party may request in accordance with the Court's rules governing discovery disputes that the Court cancel or modify the designation.  The Producing Party will be required to provide a declaration from an officer or managerial employee of the Producing Party certifying that the designated documents or material satisfies the requirements of Paragraph 2(b) of this Protective Order and stating with reasonable particularity, with respect to each document or category of documents, why disclosure to officers or employees of the Receiving Party could cause competitive harm to the Producing Party.

15.     Except with respect to personally identifiable information about an individual as described in Fed. R. Civ. P. 5.2 or NECivR 5.03(b)(1)-(5), information does not qualify for protection under this Order and none of its provisions apply to material that: (a) is available to the general public at the time of its production, or becomes available to the general public after its production other than through a breach of this Order; (b) was independently obtained by the Receiving Party from a non-party having no obligation of confidentiality and the right to make such disclosure; or was previously produced, disclosed or provided by the Producing Party to the Receiving Party without an obligation of confidentiality.

**Inadvertent Production of Privileged Documents**

16.     The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver.  Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the inadvertent production and request return of the documents.  The Receiving Party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the Receiving Party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents.  Nothing in this Paragraph 16 is intended to restrict or limit any right or remedy of a party pursuant to Fed. R. Civ. P. 26(b)(5)(B) or Fed. R. Evid. 502.

**Filing Under Seal**

17.     The parties may file documents protected herein under seal with the Court only pursuant to the requirements of this Order and NECivR 7.5(a)(i)- (ii).

18.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY" or which contain information so designated, shall be filed under seal, or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers labeled with the case caption, the words "CONFIDENTIAL," or "ATTORNEYS EYES ONLY" as appropriate, and a statement in substantially the following form, or such other form as ordered by the Court or required by the Clerk of the Court:

> **This envelope contains confidential information filed in this case by [name of party] that is subject to a Protective Order of the Court.  It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.**

**Use Of This Protective Order by Third-Parties**

19.     A third-party, not a party to this action, who produces documents, testimony or other information, including source code, voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

20.     A third-party's use of this Protective Order does not entitle that third party access to any Protected Material produced by any party in this case.

**Additional Protection**

21.     This Protective Order is entered without prejudice to the right of any party to seek different or additional protections if it believes the protections of this order are not applicable or are inadequate.  Nothing herein shall be deemed to preclude any Producing Party from seeking such different or additional protection, including that certain matter not be produced at all.

**No Waiver**

22.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Protected Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

**No Limitations on Party's Own Protected Materials**

23.     Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Materials.

**Subpoena of Protected Material**

24.     If any Receiving Party receives a subpoena or other legal process commanding the production of any Protected Material, that party shall assert this Protective Order in the first instance and promptly give written notice thereof to the Producing Party (or their counsel of

-10-

record in this case), who shall have the burden of seeking a court order relieving the subpoenaed party of the obligations pursuant to the subpoena.  The Receiving Party shall not produce any Protected Material without either an order of a court of competent jurisdiction or the express written consent of the Producing Party.

**Unauthorized Access**

25.     Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, and shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further unauthorized access or dissemination.

**Disposition of Protected Materials**

26.     Unless otherwise ordered or agreed, within sixty (60) days after the settlement or final termination of this action, each Receiving Party shall, at its option, return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material.  Outside counsel for each party shall remind any experts, consultants and others as appropriate of their obligation to destroy or return Protected Materials.  The Receiving Party shall submit a written certification by the sixty (60) day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies.  Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material.  Any such archival copies remain subject to the terms of this Protective Order.

**Survival of Order**

27.     The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

**Binding Effect**

28.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**Effective as a Stipulation**

29.     This Stipulated Protective Order shall become effective as a stipulation between the parties immediately upon its execution, notwithstanding the pendency of approval by the Court, and the parties shall treat any Protected Materials produced before Court approval as provided herein.

-12-

Dated: December 9, 2011

Respectfully submitted,

_____*s/ Michael T. Hilgers*___               _____*s/ Michael J. Mills*_____
Michael T. Hilgers #24483                     Michael J. Mills #19571
Carrie S. Dolton #24221                       E-Mail: Mmills@gettmanmills.com
GOBER HILGERS PLLC                            Jill Vinjamuri Gettman #20763
1603 Farnam Street, Suite 3000                E-mail: JGettman@gettmanmills.com
Omaha, NE 68102                               Ryan A. Steen #24260
Telephone: (402) 218-2106                     E-Mail: RSteen@gettmanmills.com
Facsimile: (877) 437-5755                     Gettman & Mills LLP
mghilgers@goberhilgers.com                    10250 Regency Circle, Suite 350
cdolton@goberhilgers.com                      Omaha, NE 68114
                                              Telephone: (402) 320-6000


Attorneys for Plaintiff Electronic Transaction      Attorneys for Defendants TSYS
Systems Corporation                                 Merchant Solutions, LLC and First
                                                    National Bank of Omaha.


So ORDERED and SIGNED this 9th day of December, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
UNITED STATES DISTRICT COURT

-13-

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ELECTRONIC TRANSACTION SYSTEMS CORPORATION, | Civil Case No. 8:11-cv-238 |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| FIRST NATIONAL BANK OF OMAHA; AND TSYS MERCHANT SOLUTIONS, LLC (formerly known as First National Merchant Solutions, LLC) | |
| Defendants. | |

**ACKOWLEDGEMENT AND AGREEMENT**
**TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], have been

provided a copy and read the Stipulated Protective Order in the above-captioned case and agree

to be bound by its terms.  I understand that I will be receiving non-public, confidential materials

and information protected pursuant to the terms of this Stipulated Protective Order.  I agree that I

will not use or disclose any such Protected Material except in strict compliance with the

provision of this Order, and will take all reasonable precautions to prevent any unauthorized use

or disclosure of any material in my possession or control.  At the final conclusion of the case, I

will return or destroy, as directed, any Protected Materials received and any notes or other

documents reflecting such materials.

-14-

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue.  I understand that failure to comply with this Order could result in sanctions or other consequences.

I make the above statements under penalty of perjury.


Dated: _____          _____

                                      Printed Name:  _____

                                      Company Name/Address/Phone:

                                      _____

                                      _____

                                      _____

                                      _____


-15-